Now in the case of Wells v. Caudill Thank you, Your Honor. May it please the Court, Patrick Gingley for the appellate, Jason Wells. Due to a sentence miscalculation and Supervisor Caudill's failure to investigate upon notice, Mr. Wells spent an extra 97 days in prison. The District Court focused its deliberate indifference inquiry on the initial sentence miscalculation. Mr. Gingley, before we get too far in, this is Judge Easterbrook. I have a foundational question. Why is this a matter of federal constitutional law? It looks like a dispute about state law. One side says that state law required the sentence to be computed one way. The other side says that state law requires the sentence to be computed another way. One or the other side may be right, but it's a pretty fundamental principle that a violation of state law doesn't violate the federal Constitution, even if the violation means that somebody ends up spending extra time in prison. So why is this case in federal court? I think this case is in federal court, Your Honor, because it's a case of deliberate indifference with respect to a failure to investigate a sentence miscalculation that deprived someone of their constitutional rights under the 8th Amendment. No, that begs the question, counsel. I ask why this is a matter of constitutional right rather than of state law. I mean, the Supreme Court said recently, for example, that if a search is conducted in violation of state law and that leads to somebody being imprisoned for a long, long time, there's still no violation of federal law because a violation of state law doesn't violate the Constitution, even if it means lots of extra time in prison. That's the question I'm asking here. There's a dispute about the meaning of state law, but why is that a constitutional issue? I think, Your Honor, and I have to admit, I had not thought about this the way that you have thought about it, Your Honor. But I think that even if we consider this a dispute of state law as to whether there is a deprivation, and I'm happy to address that because I think that it's not a real dispute when we look at how the law is issued in Illinois. But I think that under federal law, as has been noted in cases of this Court and the Supreme Court, that if we have, that is an Eighth Amendment deprivation, if we have a situation where someone is deliberate, is deliberately indifferent to someone's rights when it comes to being incarcerated in Illinois. So if you go back to the case I was just referring to, it's Wells against Virginia. If, in your view, the search was conducted with deliberate indifference to state law, then the violation of state law would be a violation of the Eighth Amendment too? That would certainly be an extraordinary change in federal jurisprudence. Well, Your Honor, I don't think it necessarily would be a change in federal jurisprudence. If it is established when we're talking about Eighth Amendment cases, when we're talking about deliberate indifference and with record supervisors who do nothing in response to being put on notice that someone is being incarcerated longer for their sentence, I think this is Judge Ripple. It's more than that, isn't it? I mean, in the complaint, he specifically says that as a result of his inquiry, he was mistreated and threatened. If he continued to complain, continued to make inquiries about his prolonged incarceration, isn't that right? That is right, Your Honor. That is part of the complaint. On page four of the complaint, yeah. Yes. Yes, that's correct. In this particular instance, we have a matter that has gone all the way through summary judgment to a bench trial and a situation where Mr. Wells gave testimony at the bench trial that went specifically to the issue that I mentioned early on in the argument, which is this deliberate indifference in a failure to investigate when there is notice that someone is being held past the end of their sentence. I think that's where the district court went astray in this instance because the district court ruled, it based its Rule 52 judgment on the fact that, quote, no evidence of deliberate indifference was presented. But that's wrong as a matter of law and fact. This court in Huber from 2018 and Figgs from 2016 held that failing to investigate in response to notice of a sentence miscalculation is evidence of deliberate indifference. In Figgs, for example, this court stated that, quote, a state officer is deliberately indifferent when he does nothing or when he takes action that is so ineffectual under the circumstances that Wells testified that after he submitted multiple request slips regarding the 97 days, he was called down to talk to the head of the records office who rejected his complaint for the 97 days credit and stated that the record office could do what they wanted to do. On this record, all we have is Mr. Wells' testimony, which is undisputed. In granting the Rule 52 motion, the district court did not make any credibility determinations. It simply held that Mr. Wells presented no evidence of deliberate indifference, which is wrong. And so to be clear, and contrary to what my friend on the other side has argued in the briefs, Mr. Wells did not need to provide Caudill with documentation conclusively showing the error. He simply needed to put Caudill on notice of his specific claims. And as stated by the Ninth Circuit in Alexander, which this court relied on in Figgs, the prisoner's objection need not be, quote, clearly meritorious in order to invoke that duty to investigate. And this is the primary basis that I respectfully ask the court to reverse and remand for a new trial in this instance. Unless there are further questions on the deliberate indifference point in the few moments that I have remaining, I'd just like to make a point regarding appointment of counsel. The district court erred here with respect to appointment of counsel because it did not consider the late advanced stage litigation activities and whether Mr. Wells was capable of handling them. In this instance, Mr. Wells, with his complaint, moved for the appointment of counsel. Later, when he didn't know what was going on in the case, he requested a status hearing and explicitly says he wishes to know what's happening. And then right before trial, he filed a second request for counsel stating that he doesn't know what's happening, he's about to go to trial. The district court denied this with a simple text order saying that plaintiff asserts the other side keeps changing attorneys, that he does not understand what they are saying and some of that is not true. Plaintiff does not explain, however, how this hampers his ability to prosecute his case currently scheduled for trial. The district court thus denied Mr. Wells' motion because he couldn't articulate what exactly he needed counsel for at trial. But that's just the point. Mr. Wells didn't know what he didn't know. He was going to trial and he didn't understand what the attorneys on the other side were saying. Mr. Yeeneland, it's Judge Scudder. I'd like to return to the deliberate indifference point and just get you to comment on one thing. One of the difficulties that I've had with the claim, the merits of the claim, is the plaintiff's failure to call Caudill as a trial witness. Caudill is a central figure at the heart of this claim and the testimony that you referred to in the very brief trial that was held could be seen as ambiguous. I don't, you know, the allegation that, I'm willing to credit what you say that Wells, the fair inference is that Wells spoke to Caudill because of Caudill's even though he didn't so testify. But the statement that, you know, the folks can do at the correctional center what they want to do, I don't know. I mean, how do you read into that, you know, clear evidence of intentional deprivations of a constitutional right? Right. A couple of points, Your Honor. I think the standard is that under Huber and Figgs, we just have testimony that shows that Caudill did nothing or took steps that were not likely to get to the bottom of the matter. Here, we actually have Mr. Wells giving testimony that Caudill took it a step further. She said, we can do what we want to do in this instance. I think under Huber and Figgs, the testimony, although brief, satisfies that standard in this I think regarding not calling Caudill, I agree that Caudill could have been called. I think it just goes to the fact that we have a pro se individual who didn't understand what was going on, asked for counsel multiple times and didn't get it. I think it goes to prejudice on the second point regarding appointment of counsel. Mr. Yingling, we asked some questions that expired, but I will give you one minute for rebuttal. Thank you, Your Honor. Mr. Turner. Thank you, Your Honor. Good morning, Your Honor's counsel. May it please the court. I am Christopher Turner, the Assistant Attorney General, arguing on behalf of the defendant's apologies. This court should affirm the district court's judgment under federal rule 52C that found that plaintiff Jason Wells had failed to prove his deliberate indifference claim against the defendant, Angela Caudill, at his bench trial. The judgment should be affirmed because the district court did not clearly err in finding that Wells had failed to prove either that Caudill was personally responsible for any miscalculation of Wells' release date or that she had been deliberately indifferent to any such miscalculation of Wells' release date. Mr. Turner, excuse me, are you conceding that there is a constitutional problem if there was denial in your brief? No, Your Honor, we had not addressed or even thought of that issue. One more question. Have you ever made an argument based on Heck against Humphrey that this lawsuit is premature until a state court decides that there was 97 extra days of confinement? No, we had not considered that argument, Your Honor, though I would be happy to. You surely know that under our recent en banc decision in Savory v. Cannon, Heck continues even after the sentence is over and the defendant is released until actual innocence has been established in some way. And I take it that would mean that some state court found that Wells served 97 days too long. But you've never made such an argument, I gather. We haven't made that argument, Your Honor, though we would certainly, if that's the case under the law, we wouldn't concede that that isn't the case. He, well, certainly had the opportunity to seek mandamus relief in order to challenge his sentence and his release date, and he never did pursue that We do believe, regardless, that the judgment still should be affirmed because the district court did not clearly err in finding that Wells failed to prove his deliberate indifference claim. And that's really what goes to the heart of Wells' challenge on appeal, that he conflates Rule 52C judgment with a summary judgment ruling, and that he relies entirely from the cases first cited in his reply brief, Figs v. Dawson and Huber v. Anderson, which were both summary judgment cases, and they addressed only the question of whether or not the records in each of those cases raised a genuine issue of dispute of deliberate indifference. Each of those cases emphasized that they were construing the record in the plaintiff's favor, they were making all reasonable inferences in the favor, and indeed Huber v. Anderson made the point that it was not finding that a jury would be required to find deliberate indifference. In this case, since it's a Rule 52C judgment, no inferences are made in favor of Plaintiff Wells. To the contrary, all reasonable doubts should be resolved in favor of the district court. In addition, in those cases, both the Figs case and the Huber case, the plaintiff had developed a far more substantial record of the alleged notice that they put up the defendants on, that there was a problem with the release date in each of those cases. There, they had provided testimony, the plaintiff said they had specific conversations with the defendants, both meetings and conference calls, where they laid out why the release date was wrong, what was their support for it, identified documents that supported it, and offered to provide those documents. As your honors had pointed out in questioning, here we have a record which really doesn't even clearly provide that he met with Caudill at all. To the extent you want to make the reasonable inference that he did meet with Caudill, it is unclear whether he's claiming the records office had made any of the statements he claimed, the vague statements he claims were made in response. But regardless of whether or not the court wants to engage in a series of daisy chain of inferences in his favor, that is not the review here. Instead, the court here is not supposed to make its own factual findings or what it believes to be the better factual findings. The court below found that this evidence didn't prove that Caudill was deliberate indifference, right? It was not merely that he didn't only need to prove Caudill's negligence, but that she intentionally, consciously disregarded that any error in the release date and that he was entitled to release at an earlier time. In addition, he never even, so not only did he not provide any testimony of any information that he'd given her at all, at most he testified basically just that he claimed the 97 days, not why he was entitled to those 97 days or why the release date was otherwise miscalculated. He also didn't indicate that he provided any documents to Caudill or identified any documents for Caudill. In addition to that, he did not call Caudill to the stand in order to inquire with her what she did, what she, what he, what she, uh, sorry, what she said in response and or what she did fail to do in response to the information he provided. Given this record, the district court did not clearly err below when it made, when it made the decision that he failed to prove his case. Uh, going briefly to the question of the counsel, this court also, the court did not err in, in declining to provide counsel because Mr. Wells didn't, in his case, he did not provide any information at all or any points, um, about why he was entitled to counsel. Indeed, he didn't even, uh, assert that he had met the threshold requirement for counsel. That is that he made any reasonable effort either to obtain counsel himself or that he was precluded from doing so. On that basis alone, the denial of counsel should be affirmed. But in addition, he also just simply raised no points at all about the complexity of the case, any tasks that he couldn't do or any personal impediments to him that distinguished him from any other pro se litigant. In all the cases that they cite in support of counsel, plaintiffs in those cases had, had raised in repeated motions, the issues both about the case itself and about themselves, whether it was a limited education, a cognitive problems, mental health issues, the fact that they were incarcerated here, we have no record of anything at all that distinguishes Mr. Wells from anyone else, any other pro se litigant. Consequently, the court had no issue before in which to address. No, nothing raised at all. Indeed, Wells wants to argue that because he didn't raise anything, because he failed to give any support for his claim for counsel, that alone is a reason to find that he was entitled to in support of their own claim. The more relief that the more they're entitled to the remedy or relief for it. This court should not allow Mr. Wells to undo four years of litigation, where he could have raised his request at any time before the 12 days prior to trial. And he could have made any kind of points, any issues that he had that that specifically distinguished him from other pro se litigants, or about the case, just simply tasks in the case or problems with the case he was having. Mr. Turner, you have two minutes left. Thank you, Your Honor. Other than the fact that he that he could not, that he didn't understand everything that opposing counsel said. Going back to deliberate indifference, Your Honor, and the judgment, Wells argues, tries to basis his argument basically to on reversing the burden of proof back on to Caudill, wanting to argue, as you said, at the argument below, and not as evidence or testimony that Caudill simply denied his 97 days of credit for no reason at all. But it was Wells's burden to put on some sort of evidence that Caudill did it, Caudill denied his relief for no reason at all. Therefore, Your Honors, unless you have any more questions, we would, we ask that you affirm the judgment based on our arguments in our briefs and the arguments here. Thank you, Mr. Turner. Mr. Yingling, anything further? Yes, Your Honor, two points. First, counsel talks about Huber and Siggs being summary judgment cases, and this being a Rule 52 bench trial. The issue before you, in this case on appeal, is a legal one, because the district court held that Wells presented, quote, no evidence of deliberate indifference. Well, in Huber and Siggs, this court talked about what constitutes evidence of deliberate indifference. And it did, it talked about those specific facts, but it made a legal ruling with respect to the fact that a state officer is deliberately indifferent when he does nothing, or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred. This would be a totally different situation if the district court had said, I don't believe Mr. Wells at all, and made a credibility determination. In that case, then, of course, Huber and Siggs wouldn't apply. But here, the district court just said he hasn't presented any evidence of deliberate indifference, but that is a legal ruling that is based on a, that is contrary to legal rulings in Huber and Siggs. Second point, very briefly. Thank you, Mr. Yangling. Thank you, Your Honor. The case is taken under advisement.